TONEY A. SOLOMON *vs.* DORA SIPERSTEIN *et al.*

JUNE 27, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for specific performance of a contract to sell real estate. Respondents demurred to the original bill and their demurrer was sustained. Complainant, by leave of the superior court, filed an amended bill to which respondents were allowed to file what they called a motion to strike out the bill because, as they say in their brief before us, "it did not meet, or attempt to meet, the defects in the original Bill pointed out by the Court on sustaining the Demurrer." Respondents also filed a demurrer to the amended bill. After hearing, the trial justice granted the motion and struck the amended bill from the record, but did not rule on the demurrer. A decree to that effect was duly entered and from such decree complainant has appealed to this court.

The appeal raises two questions: First, as to the propriety in equity procedure of a motion to strike out the amended bill; and, second, if the motion could be properly entertained, whether or not it should be treated as a demurrer. Respondents contend that their motion was proper as only

by such method could they open up the whole record so as to include the original bill, which inclusion was necessary in order to show the nature of the alleged defect in the amended bill. And for this reason they contend that it should not be treated as a demurrer, which would admit everything well pleaded in the amended bill and which would not reach beyond that bill. Complainant, however, contends that, if for such reason respondents' motion to strike out was proper, his appeal then raises a further question whether the trial justice's dismissal of the original bill was correct.

If that contention is sound, we are confronted with the necessity of deciding whether or not a certain writing set out *in haec verba* in the original bill is such a memorandum of an oral contract to sell real estate as is required by the statute of frauds. The trial justice found that the memorandum was not sufficient because it failed to describe the land and identify the terms and conditions of the contract; and for those reasons he sustained respondents' demurrer to the original bill. In the amended bill, complainant did not set out the memorandum *in haec verba*, as he had done in the original bill, but merely alleged that he had a contract with respondents and that there was a memorandum thereof in writing signed by them, without further identifying it.

We must first decide the procedural question. A motion to strike out a pleading is an innovation in equity. Respondents have cited no case in this state approving it, and we have been unable to find any. Respondents have, however, cited one case from New Jersey where the practice of thus objecting to pleas and demurrers, which were frivolous or were interposed for delay, was spoken of favorably although there the court denied the motion and held that the objection ought to have been taken by demurrer, saying: "the summary relief of striking out should not be resorted to unless the circumstances of the case are such that the complainant will be prejudiced by the delay necessary to bring

the case on regularly for hearing." *Stanbery* v. *Baker,* 55 N. J. Eq. 270, 272. In a later case in that state the court, while following the *Stanbery* case, conceded that "an examination of the earlier cases in equity in this state and the antecedent English practice has disclosed no procedure of that nature in courts of equity". *South Camden Trust Co.* v. *Stiefel,* 101 N. J. Eq. 41. However, the court in that case held that such a motion is entertained only against defensive pleadings, saying: "But no case appears to exist in this jurisdiction or elsewhere in which a motion has been presented, much less entertained, to strike out a declaration at law or a bill in equity on the ground that the averments on which relief is based are false."

At the present time, however, it appears to be proper practice in New Jersey under a statute and rules of court to entertain a motion to strike out a bill within certain limits; for example, if the objections to the bill rest on matters in the bill and such a motion constructively admits all well-pleaded allegations in the bill. *National Bank of New Jersey* v. *Lefkowits,* 107 N. J. Eq. 265; *Peff* v. *Peff,* 134 N. J. Eq. 506; *Regan* v. *Cozy Lake, Inc.,* 137 N. J. Eq. 236. In that state the motion to strike out a bill has been held to be "the modern equivalent of a 'demurrer'". *Goldberg's Corp.* v. *Goldberg Realty & Investment Co.,* 134 N. J. Eq. 415.

It thus appears that the practice in New Jersey upon which respondents in the instant cause rely is a departure from traditional equity practice, which departure has been sanctioned in that state by statute and rule of court. It also appears that the decisions confine the practice within limits beyond which the respondents here seek to go. But whatever the modern practice in that state may be, we are not persuaded that we should adopt it here by judicial decision. We must follow established equity practice until a statute or rule of court ordains otherwise.

Ordinarily objections to bills in equity, not taken by demurrer or plea, are taken by exceptions. For example, if a bill is objected to as scandalous or impertinent, respondent

excepts thereto before either demurring or pleading. And the same practice is recognized in this state where an objection is made that a demurrer or plea has been interposed merely for delay. See rules in equity 12, 13 and 29, Rules of Practice and Orders of the Superior Court. Those rules, incidentally, do not take notice of any practice in equity by way of a motion to strike out even a plea, not to mention a bill. We must, therefore, assume that the superior court has not exercised its rule-making power in this respect, regardless of what one justice of that court has permitted the respondents to do in the instant cause.

There does not appear to be any sound reason which would justify us in overlooking, if not approving, the trial justice's allowance of such a motion in the circumstances of the instant cause. Innovations in equity pleading and practice as in common-law pleading ought not to be approved unless they fill a need that the customary modes are inadequate to meet. We have had occasion recently to disapprove the use of motions to strike in the pleading stage of actions at law except for the purpose of ridding the record of needless or frivolous pleas. *Giarrusso* v. *Brown & Sharpe Mfg. Co.*, 72 R. I. 229; *O'Brien* v. *M & P Theatres Corp.*, 72 R. I. 289. In the *Giarrusso* case we said that, where the motion was properly used, it was in the nature of a mere formal demurrer and was never to be used as a substitute for a substantial demurrer to raise a real and important issue of law. And in the *O'Brien* case we said that it was not to be used as the equivalent of a special plea so as to import new matter not already appearing in the pleadings.

■ Unless we are to tolerate a different rule in equity, under neither of those cases can the motion to strike in the cause at bar qualify as proper equity practice. The motion unquestionably raises a real and important issue of law and it also requires us to consider facts not appearing on the face of the amended bill. Respondents say that their object in resorting to the motion was to bring the facts of the original bill to the trial justice's attention. This is tantamount to an

admission by them that the motion indirectly imports new facts not set out in the amended bill.

■■ An amended bill in equity, like an amended declaration at law, eliminates the original pleading from the trial, and on appeal this court considers only the amended bill and the pleadings thereto. *Grant* v. *Wilcox*, 50 R. I. 84; *Ilczyszyn* v. *Mostecki*, 43 R. I. 523. This being so, respondents' motion to strike out the amended bill here must be determined solely by what is alleged in that bill. On its face there appears to be no reason as to form why it should be stricken from the record. If a defect in substance inheres in it that question should be raised by demurrer. If, by reason of other facts not stated in the bill, it is inadequate, those facts should be presented by plea for the court's ruling thereon. In the absence of a statute or rule of court authorizing it, we do not approve the use of a motion to strike as a substitute for a substantial demurrer or a plea.

■ It has been suggested to us by the complainant that since the instant case was tried before our opinion in the *Giarrusso* case, *supra,* was filed, we might desire to follow the course we adopted in the *O'Brien* case, *supra,* and treat respondents' motion as a demurrer. We find that course inappropriate here. In the first place, respondents' motion frankly relies upon facts not stated in the amended bill and, therefore, if understood as they would have us understand it, their motion partakes, in our opinion, more of the nature of a plea than of a demurrer. In the second place, respondents actually filed a demurrer to the amended bill, which has not been acted upon by the superior court. Thus their opportunity for filing pleas is still open to them in that court in the event of an adverse ruling on their demurrer. On the whole, therefore, in the interest of orderly procedure, and it may be in expediting the cause to final determination on the merits of the issue that will ultimately be raised by proper pleading, we are of the opinion that the cause should be remanded to the superior court.

The complainant's appeal is sustained; the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings, in accordance with this opinion.

*Robinson & Robinson, Edmund Wexler, Edwards & Angell, William H. Edwards,* for complainant.

*Philip S. Knauer, Frank W. Golemba,* for respondents.